IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
(Civil Division)

PACIFIC INDEMNITY COMPANY,
as Subrogee of David Goodhand
15 Mountain View Road
Warren, New Jersey 07059

C.A. NO.

Plaintiff,
vs

JURY TRIAL DEMANDED

MAYTAG CORPORATION
403 W. 4th Street North
P.O. Box 39
Newton, IA 50208-0039

and

ROBERTSHAW CONTROLS COMPANY
191 East North Avenue
Carol Stream, Illinois 60188

and

INVENSYS APPLIANCE CONTROLS
191 East North Avenue
Carol Stream, Illinois 60188

Defendants.

## COMPLAINT

Plaintiff, Pacific Indemnity Company, as Subrogee of David Goodhand, by its attorneys, Cozen O'Connor, brings this Complaint, and in support, alleges as follows:

### THE PARTIES

1. Plaintiff, Pacific Indemnity Company, is an insurance company incorporated in the State of Wisconsin with its principal place of business located at 15 Mountain View Road, Warren, New Jersey 07061.

2.  At all times material to this action, Pacific Indemnity Company, ("Pacific"), was in the business of providing property and casualty insurance, and was duly authorized to issue policies of insurance within the District of Columbia.

3.  Before February 17, 2005, Pacific issued an insurance policy to David Goodhand, which provided insurance coverage for his real and personal property located at 2903 P Street, N.W., Washington, DC 20007 (the "premises").

4.  Upon information and belief, defendant Maytag Corporation ("Maytag"), is a Delaware corporation with its principal place of business located at 403 W. 4th Street North, P.O. Box 39, Newton, Iowa 50208.

5.  At all times material hereto, Maytag was engaged in the business, of, *inter alia*, designing, manufacturing and distributing washer-dryer units for use in residential homes.

6.  Upon information and belief, defendant Robertshaw Control Company ("Robertshaw"), is a Delaware corporation, with a principal place of business located at 191 East North Avenue, Carol Stream, Illinois 60188.

7.  At all times material hereto, defendant Robertshaw was engaged in the business of designing, manufacturing, distributing, selling and/or supplying, thermostats, valves, zone controls, timers, electronic components, and mechanical control systems amongst other things, including but not limited to, valves and switches used in the manufacture of washing machines.

8.  Upon information and belief, defendant Invensys Appliance Controls ("Invensys"), is a Delaware corporation, with a principal place of business located at 191 East North Avenue, Carol Stream, Illinois 60188.

9.  At all times material hereto, defendant Invensys was engaged in the business of designing, manufacturing, distributing, selling and/or supplying, thermostats, valves, zone

2

controls, timers, electronic components, and mechanical control systems amongst other things, including but not limited to, valves and switches used in the manufacture of washing machines.

## JURISDICTION AND VENUE

10. The jurisdiction of this Court is invoked under 28 U.S.C. § 1332(a). The matter in controversy exceeds, excluding interest and costs, the sum of Seventy-Five Thousand Dollars ($75,000.00) and there is diversity of citizenship between plaintiff and each defendant.

11. Venue in this action is in the District of Columbia under 28 U.S.C. § 1391 as the claim and incident arose and occurred in this district.

## FACTUAL ALLEGATIONS

12. On or about February 17, 2005, a Maytag washer overflowed causing a flood at the premises which resulted in extensive damage to the real and personal property of plaintiff's insured.

13. As a result of the damages referred to above, Plaintiff has paid its insured, David Goodhand, an amount in excess of $264,000.00.

14. As a result of these payments, and in accordance with contract law, common law, and principals of equity, Plaintiff is subrogated to the rights of its insured and is entitled to assert any and all claims that it might have against those parties who caused the damages.

## COUNT I
## PLAINTIFF V. MAYTAG CORPORATION
## NEGLIGENCE

15. The incident and resulting damages were caused by the negligence, carelessness and recklessness of defendant Maytag Corporation, its agents, servants and/or employees acting

3

within the scope of their employment, in the design, manufacture, sale and/or distribution of the subject washer and its component parts, which negligence, carelessness and recklessness consisted of the following:

a. supplying a dangerously and defectively designed, manufactured and/or assembled product which it knew, or should have known, subjected plaintiff's insured's real and personal property to an unreasonable risk of harm;

b. failing to adequately, properly and safely design, manufacture, assemble, inspect and test the subject washer and all of its component parts;

c. failing to advise and/or warn about the aforesaid defective condition of the subject washer, which it knew, or should have known, existed;

d. failing to equip the subject washer with adequately and properly designed components, so that it could be used safely for the purposes for which it was intended;

e. failing to provide proper, adequate and sufficient instructions and information concerning the maintenance and use of the washer, so as it could be used safely for the purposes for which it was intended;

f. failing to equip the washer with properly functioning controls, valves and switching components and other regulatory and/or safety device so as to ensure the safe use of the product; and

g. otherwise failing to use due care under the circumstances.

16. As a result of the aforesaid negligence, carelessness and/or negligent acts or omissions of Maytag Corporation, the incident referred to in paragraph 12 above occurred, and resulted in extensive damage and destruction to the property of plaintiff's insured in an amount in excess of $264,000.

WHEREFORE, Plaintiff, Pacific Indemnity Company, as Subrogee of David Goodhand, demands judgment against defendant Maytag Corporation in an amount in excess of

$264,000.00, together with interest, costs of this action, and such other and further relief as this Court deems just.

## COUNT II
## PLAINTIFF V. MAYTAG CORPORATION
## PRODUCTS LIABILITY

17. Plaintiff hereby incorporates by reference the allegations contained above as though each were fully said herein at length.

18. The subject washer was defective when it left the control of Maytag in that the product contained defects in the design, manufacture and/or warnings making it unsafe for foreseeable users.

19. This defect was the cause of the water overflow and the flooding and resulting property damage.

20. By reason of the aforesaid defect, defendant is strictly liable to the Plaintiff under sec. 402(A) of the Restatement (Second) of Torts.

WHEREFORE, Plaintiff, Pacific Indemnity Company, as Subrogee of David Goodhand, demands judgment against defendant Maytag Corporation in an amount in excess of $264,000.00, together with interest, costs of this action, and such other and further relief as this Court deems just.

## COUNT III
## PLAINTIFF V. MAYTAG CORPORATION
## BREACH OF WARRANTIES

21. Plaintiff hereby incorporates by reference the allegations contained above as though each were fully said herein at length.

22. In designing, manufacturing, supplying and selling the aforesaid washer, Maytag expressly and/or impliedly warranted that the washer was fit for a particular purpose was fit for the ordinary use for which it was intended, and was of good and merchantable quality.

23. Maytag breached the aforesaid express and implied warranties by designing, manufacturing, supplying and selling the aforesaid washer in a condition which rendered it unfit for a particular purpose, unfit for the ordinary use for which it was intended, and not of good and merchantable quality.

24. The damages sustained by Plaintiff were caused by the aforesaid breaches of warranties by Maytag.

WHEREFORE, Plaintiff, Pacific Indemnity Company, as Subrogee of David Goodhand, demands judgment against defendant Maytag Corporation in an amount in excess of $264,000.00, together with interest, costs of this action, and such other and further relief as this Court deems just.

## COUNT IV
## PLAINTIFF V. ROBERTSHAW CONTROLS COMPANY AND INVENSYS APPLIANCE CONTROLS
## NEGLIGENCE

25. The overflowing washing machine and the resulting damages were caused by the negligence, carelessness and recklessness of defendants Robertshaw Controls Company and Invensys Appliance Controls, its agents, servants and/or employees acting within the scope of their employment, in the design, manufacture, sale and/or distribution of the water level pressure switches, valves and controls on the subject washer, which negligence, carelessness and recklessness consisted of the following:

    a. supplying a dangerous and defectively designed, manufactured and/or assembled product which it knew, or should have known, subjected

        plaintiff's insured's real and personal property to an unreasonable risk of harm;

b.    failing to adequately, properly and safely design, manufacture, assemble, inspect and test the valves, switches, and controls components of the subject washer;

c.    failing to advise and/or warn plaintiff's insured about the foresaid defective condition of the switches, valves, and controls on the subject washer, which it knew, or should have known, existed;

d.    failing to equip the subject washer with adequately and properly designed component valves, switches and controls so that it could be used safely for the purposes for which it was intended;

e.    failing to provide proper, adequate and sufficient instructions and information concerning the maintenance and use of the subject washer so as it could be used safely for the purposes for which it was intended;

f.    failing to warn customers and users about the unforeseeable risk posed by the normal intended use of the subject washer;

g.    failing to equip the subject washer with properly functioning controls, components and other regulatory and/or safety device so as to ensure the safe use of the product;

h.    otherwise failing to use due care under the circumstances.

26.    As a result of the aforesaid negligence, carelessness and/or negligent acts or omissions of Robertshaw Controls Company and Invensys Appliance Controls, the incident referred to in paragraph 12 above occurred, and resulted in extensive damage and destruction to plaintiff's insured's property in an amount in excess of $264,000.00.

WHEREFORE, Plaintiff, Pacific Indemnity Company, as Subrogee of David Goodhand, demands judgment against defendant Robertshaw Controls Company and Invensys Appliance Controls in an amount in excess of $264,000.00, together with interest, costs of this action, and such other and further relief as this Court deems just.

## COUNT V
## PLAINTIFF V. ROBERTSHAW CONTROLS COMPANY AND INVENSYS APPLIANCE CONTROLS
## PRODUCTS LIABILITY

27. Plaintiff hereby incorporates by reference the allegations contained above as though each were fully said herein at length.

28. The switches, valves, and controls for the washer were defective when they left the control of Robertshaw Controls Company and Invensys Appliance Controls and the product contained defects in its design, manufacture and/or warnings making it unsafe for reasonably foreseeable users.

29. This defect was the cause of the subject washer overflow and the resulting property damage.

30. By reason of the aforesaid defects, defendants Robertshaw Controls Company and Invensys Appliance Controls are strictly liable to the Plaintiff under sec. 402(A) of the Restatement (Second) of Torts, for the flooding and resulting damages.

WHEREFORE, Plaintiff, Pacific Indemnity Company, as Subrogee of David Goodhand, demands judgment against defendant Robertshaw Controls Company and Invensys Appliance Controls in an amount in excess of $264,000.00, together with interest, costs of this action, and such other and further relief as this Court deems just.

Respectfully submitted,

MESIROW & STRAVITZ, PLLC

Date: 1/24/07          By: _____
Eric N. Stravitz (D.C. Bar #438093)
1307 New Hampshire Avenue, NW
Suite 400
Washington, DC 20036
(202) 463-0303
(202) 861-8858 Fax
eric@metroDClaw.com

OF COUNSEL:

David W. Smith, Esquire
COZEN O'CONNOR
1900 Market Street, Third Floor
Philadelphia, PA 19103
Ph: 215-665-2103
Fax: 877-526-3070
dwsmith@cozen.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff hereby requests a jury trial.

_____
Eric N. Stravitz  (D.C. Bar #438093)

9

# CIVIL COVER SHEET

JS-44
(Rev. 2/01 DC)

## I (a) PLAINTIFFS
PACIFIC INDEMNITY COMPANY

## DEFENDANTS
MAYTAG CORPORATION
ROBERTSHAW CONTROLS COMPANY
INVENSYS APPLIANCE CONTROLS

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Somerset (NJ)
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: In land condemnation cases, use the location of the tract of land involved.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
MESIROW & STRAVITZ, PLLC
1307 New Hampshire Avenue, N.W.
Suite 400
Washington, DC 20036
(202) 463-0303

CASE NUMBER  1:07CV00193
JUDGE: Royce C. Lamberth
DECK TYPE: General Civil
DATE STAMP: 01/29/2007

**JURY ACTION**

## II BASIS OF JURISDICTION
(SELECT ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ● 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
(FOR DIVERSITY CASES ONLY)

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ● 2 | Incorporated and Principal Place of Business in Another State | ● 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Select one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/ Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ● E. General Civil (Other)      OR      ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☒ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

| ○ G. Habeas Corpus/2255 | ○ H. Employment Discrimination | ○ I. FOIA/PRIVACY ACT | ○ J. Student Loan |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability, age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ K. Labor/ERISA (non-employment) | ○ L. Other Civil Rights (non-employment) | ○ M. Contract | ○ N. Three-Judge Court |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ● 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 U.S.C. § 1332. Property damage to real and personal property -- subrogation -- negligence, breaches of warranty and products liability

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ >100,000   Select YES only if demanded in complaint   JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction)   ☐ YES   ☒ NO   If yes, please complete related case form.

DATE 1/24/07   SIGNATURE OF ATTORNEY OF RECORD _[signature]_

29

INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.