IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)

PACIFIC INDEMNITY COMPANY,   *

        Plaintiff,   *

v.   *   C.A. NO.: 1:07CV00193
           Judge Royce C. Lamberth

MAYTAG CORPORATION, et al.   *

        Defendants.   *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## ANSWER OF MAYTAG CORPORATION TO COMPLAINT

Defendant, Maytag Corporation, through its counsel, Kelly Hughes Iverson and Goodell, DeVries, Leech & Dann, LLP, and, pursuant to Federal Rules of Civil Procedure 8 and 12, answers the Complaint filed against it as follows:

1. That Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

2. That Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 2.

3. That Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.

4. Defendant admits that part of Paragraph 4 that alleges that Maytag Corporation is a Delaware corporation, but denies the allegation as to its principal place of business. Maytag Corporation's current principal place of business is 2000 M63, Benton Harbor, Michigan 49085.

5. That Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 as what constitutes "all material times" is not yet known.

6. The allegations in Paragraph 6 are directed towards a different party, and, as such, no response is required.

7. The allegations in Paragraph 7 are directed towards a different party, and, as such, no response is required.

8. The allegations in Paragraph 8 are directed towards a different party, and, as such, no response is required.

9. The allegations in Paragraph 9 are directed towards a different party, and, as such, no response is required.

10. Paragraph 10 of the Complaint asserts jurisdictional allegations to which no response is necessary.

11. Paragraph 11 of the Complaint asserts allegations of venue to which no response is necessary.

12. That Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 12.

13. That Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 13.

14. Paragraph 14 asserts legal conclusions to which no response is required.

## COUNT I Negligence

15. The allegations contained in Paragraph 15, and in all of its subparts, are denied.

16. The allegations contained in Paragraph 16 are denied.

This Defendant specifically denies that the Plaintiff is entitled to recover damages and/or other relief as set forth as set forth in the ad damnum clause, and demands strict proof thereof.

## COUNT II Products Liability

17. Paragraph 17 incorporates prior allegations to which the Defendant incorporates its prior responses as if set forth fully herein.

18. The allegations contained in Paragraph 18 are denied.

19. The allegations contained in Paragraph 19 are denied.

20. The allegations contained in Paragraph 20 are denied.

This Defendant specifically denies that the Plaintiff is entitled to recover damages and/or other relief as set forth as set forth in the ad damnum clause, and demands strict proof thereof.

## COUNT III Breach of Warranties

21. Paragraph 21 incorporates prior allegations to which the Defendant incorporates its prior responses as if set forth fully herein.

22. Pending discovery into the serial and model numbers of the subject washing machine, your Defendant is without knowledge or information sufficient to currently form a belief as to the truth of Paragraph 22 as to what express warranties were made. As phrased, the allegations contained in Paragraph 22 relating to implied warranties assert legal conclusions to which no response is required.

23. The allegations contained in Paragraph 23 are denied.

24. The allegations contained in Paragraph 24 are denied.

This Defendant specifically denies that the Plaintiff is entitled to recover damages and/or other relief as set forth as set forth in the ad damnum clause, and demands strict proof thereof.

## COUNTS IV - V

25. Paragraphs 25-30 are directed to other parties, and, as such, no response is required.

## AFFIRMATIVE DEFENSES

26. The claims of the Plaintiff are barred by the contributory negligence of the subrogor, David Goodhand.

27. That the claims of the Plaintiff are barred by the assumption of risk of the subrogor, David Goodhand.

28. That some or all of Plaintiffs' claims are barred by the applicable statute of limitations, the equitable doctrine of laches or by notice requirements.

29. That some or all of the claims of the Plaintiff are barred by the doctrines of estopple and/or waiver.

30. That the Plaintiff's claims are barred or reduced by setoff for amounts already paid by Defendants or by others.

31. That Plaintiff's claims are barred by accord and satisfaction.

32. Plaintiff's claims are barred by Payment or Release.

33. That some or all of the claims of the Plaintiff are barred by the misuse of the product.

34. That Defendant specifically denies that its product was defective or unsafe in design, manufacture or warnings.

35. If there was a defect as alleged by the Plaintiffs, the product was not defective at the time that it left this Defendant's possession, custody and control.

36. That the claims of the Plaintiff are barred by the alteration of the product by the subrogor, David Goodhand, or by others over whom this party has no authority or control.

37. That the Defendant did not warrant as alleged, either expressly or implicitly.

38. That Plaintiff's subrogor, David Goodhand, failed to give proper notice of any alleged breach of warranty, within a reasonable time after David Goodhand knew, or should have known of the alleged defect.

39. That recovery is barred by a failure to mitigate the alleged damages.

40. That the claims of the Plaintiff are barred by the spoliation of the product by the subrogor, David Goodhand, or by others over whom this party has no authority or control.

41. That the losses alleged by the Plaintiff were the result of acts or omissions of others over whom this Defendant had no authority or control.

42. That to the extent that any paragraph of the Complaint may be deemed to be not sufficiently responded to, the allegations contained in any such paragraph are denied.

43. That your Defendant reserves the right to raise such other and further affirmative defenses as become apparent through additional investigation and discovery.

## ADDITIONAL DEFENSES

44. That the Complaint fails to state a claim upon which relief may be granted.

45. Defendants deny generally that they are liable to Plaintiff and deny that they committed the wrongs alleged.

WHEREFORE, Defendant, Maytag Corporation, respectfully requests:

(a) That the Complaint filed against it be dismissed; and

(b)  That Maytag be awarded its proper costs; and

(c)  For such other and further relief as the nature of its cause may require.

Respectfully submitted,

_____
Kelly Hughes Iverson (D.C. Bar No. 487816)
Goodell, DeVries, Leech & Dann, LLP
One South Street
Suite 2000
Baltimore, Maryland  21202
(410) 783-4000
(410) 783-4040 Fax
khi@gdldlaw.com
***Attorneys for Defendant Maytag Corporation***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of March, 2007 a copy of Defendant Maytag Corporation's Answer to Complaint was caused to be served electronically to:

| | |
|---|---|
| Eric N. Stravitz, Esquire (D.C. Bar #438093)<br>Mesirow & Stravitz, PLLC<br>1307 New Hampshire Avenue, N.W.<br>Suite 400<br>Washington, D.C.  20036<br>(202) 463-0303<br>(202) 861-8858 Fax<br>eric@metroDClaw.com | and mailed to:<br><br>David W. Smith, Esquire<br>Cozen O'Connor<br>1900 Market Street, Third Floor<br>Philadelphia, PA  19103<br>(215) 665-2103<br>(877) 526-3070 Fax<br>dwsmith@cozen.com |

_____
Kelly Hughes Iverson (D.C. Bar No. 487816)

*837108*

6