**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
**(Civil Division)**

**PACIFIC INDEMNITY COMPANY,** *

**Plaintiff,** *

**v.** * **C.A. NO.: 1:07CV00193**
**Judge Royce C. Lamberth**

**MAYTAG CORPORATION, et al.** *

**Defendants.** *

* * * * * * * * * * * *

**ANSWER OF ROBERTSHAW CONTROLS COMPANY AND INVENSYS APPLIANCE CONTROLS TO COMPLAINT**

Now come the Defendants, Robertshaw Controls Company, (a/k/a Robertshaw Controls Company d/b/a Invensys Controls), and Invensys Appliance Controls (a former trade name), through their counsel, Kelly Hughes Iverson and Goodell, DeVries, Leech & Dann, LLP, and, pursuant to Federal Rules of Civil Procedure 8 and 12, answer the Complaint filed against them as follows:

1. That Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

2. That Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 2.

3. That Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.

4. The allegations contained in Paragraph 4 are directed towards a different party, and, as such, no response is required.

5. The allegations contained in Paragraph 5 are directed towards a different party, and, as such, no response is required.

6. The allegations contained in Paragraph 6 are admitted.

7. That Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 as what constitutes "all material times" is not yet known.

8. The allegations contained in Paragraph 8 are denied as Invensys Appliance Controls is not an entity, but rather is currently a former trade name of Robertshaw Controls Company.

9. That Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 as what constitutes "all material times" is not yet known.

10. Paragraph 10 of the Complaint asserts jurisdictional allegations to which no response is necessary.

11. Paragraph 11 of the Complaint asserts allegations of venue to which no response is necessary.

12. That Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 12.

13. That Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 13.

14. Paragraph 14 asserts legal conclusions to which no response is required.

COUNTS I – III (Maytag, Corporation)

15. Paragraphs 15 through 24, contained in Counts I – III of the Complaint, are directed to another party, and, as such, no response is required.

COUNT IV Negligence

16. The allegations contained in Paragraph 25, and in each of its subparts, are denied.

17. The allegations contained in Paragraph 26 are denied.

These Defendants specifically deny that the Plaintiff is entitled to recover damages and/or other relief as set forth as set forth in the ad damnum clause, and demands strict proof thereof.

COUNT V Products Liability

18. Paragraph 27 incorporates prior allegations to which the Defendant incorporates its prior responses as if set forth fully herein.

19. The allegations contained in Paragraph 28 are denied.

20. The allegations contained in Paragraph 29 are denied.

21. The allegations contained in Paragraph 30 are denied.

These Defendants specifically deny that the Plaintiff is entitled to recover damages and/or other relief as set forth as set forth in the ad damnum clause, and demands strict proof thereof.

**AFFIRMATIVE DEFENSES**

22. The claims of the Plaintiff are barred by the contributory negligence of the subrogor, David Goodhand.

23. That the claims of the Plaintiff are barred by the assumption of risk of the subrogor, David Goodhand.

24. That some or all of Plaintiffs' claims are barred by the applicable statute of limitations, the equitable doctrine of laches or by notice requirements.

25. That some or all of the claims of the Plaintiff are barred by the doctrines of estopple and/or waiver.

26. That the Plaintiff's claims are barred or reduced by setoff for amounts already paid by Defendants or by others.

27. That Plaintiff's claims are barred by accord and satisfaction.

28. Plaintiff's claims are barred by Payment or Release.

29. That some or all of the claims of the Plaintiff are barred by the misuse of the product.

30. That Defendants specifically deny that its product was defective or unsafe in design, manufacture or warnings.

31. If there was a defect as alleged by the Plaintiffs, the product was not defective at the time that it left these Defendants' possession, custody and control.

32. That the claims of the Plaintiff are barred by the alteration of the product by the subrogor, David Goodhand, or by others over whom this party has no authority or control.

33. That the Plaintiff's claims are barred by a failure to mitigate the alleged damages.

34. That the claims of the Plaintiff are barred by the spoliation of the product by the subrogor, David Goodhand, or by others over whom this party has no authority or control.

35. That the losses alleged by the Plaintiff were the result of acts or omissions of others over whom this Defendant had no authority or control.

36. That to the extent that any paragraph of the Complaint may be deemed to be not sufficiently responded to, the allegations contained in any such paragraph are denied.

37. That your Defendant reserves the right to raise such other and further affirmative defenses as become apparent through additional investigation and discovery.

**NEGATIVE DEFENSES**

38. That Invensys Appliance Controls is currently a non-entity, and lacks the capacity to be sued.

**ADDITIONAL DEFENSES**

39. That the Complaint fails to state a claim upon which relief may be granted.

40. Defendants deny generally that they are liable to the Plaintiff, and deny that they committed the wrongs alleged.

WHEREFORE, your Defendants, Robertshaw Controls Company and Invensys Appliance Controls respectfully requests:

(a) That the Complaint filed against them be dismissed; and

(b) That Robertshaw Controls Company and Invensys Appliance Controls be awarded their proper costs; and

(c) For such other and further relief as the nature of their cause may require.

Respectfully submitted,

Kelly Hughes Iverson (D.C. Bar No. 487816)
Goodell, DeVries, Leech & Dann, LLP
One South Street
Suite 2000
Baltimore, Maryland 21202
(410) 783-4000
(410) 783-4040 Fax
khi@gdldlaw.com
***Attorneys for Defendants Robertshaw Control Company and Invensys Appliance Controls***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 14th day of March, 2007 a copy of Defendants Robertshaw Controls Company and Invensys Appliance Control's Answer to Complaint was caused to be served electronically to:

Eric N. Stravitz, Esquire (D.C. Bar #438093)
Mesirow & Stravitz, PLLC
1307 New Hampshire Avenue, N.W.
Suite 400
Washington, D.C. 20036
(202) 463-0303
(202) 861-8858 Fax
eric@metroDClaw.com

and mailed to:

David W. Smith, Esquire
Cozen O'Connor
1900 Market Street, Third Floor
Philadelphia, PA 19103
(215) 665-2103
(877) 526-3070 Fax
dwsmith@cozen.com

Kelly Hughes Iverson (D.C. Bar No. 487816)

*839248*